IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANTHONY KENNEY, )
)
      Plaintiff, )
)
v. ) Case Number: 10-CV-137-JHP-PJC
)
OKLAHOMA COMPTROLLER, )
)
      Defendant. )

## OPINION AND ORDER

On March 8, 2010, Plaintiff filed a civil complaint (Doc. No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 2).

In the last four years, Plaintiff has filed 30 civil cases in the District Court for the Northern District of Oklahoma. *In Forma Pauperis* has been granted in 19 cases. It has been denied in five cases, moot in one case and pending in five others.[1]

    In the 30 cases:
        4 - Dismissed as frivolous
        8 - Dismissed for failure to state a claim
        7 - Dismissed for lack of subject matter jurisdiction
        3 - Dismissed for failure to prosecute or respond to motions
        3 - Dismissed for failure to cure IFP deficiencies
        5 - Cases are still pending

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing restrictions under appropriate circumstances. See *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Winslow v. Hunter (In re Winslow)*, 17 F.3d

---

[1] See attached listing of the cases filed by Kenney in this Court.

314, 315 (10th Cir. 1994); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1994); *Andrews v. Heaton*, 483 F.3 1070 (10th Cir. 2007); *Springer v. Internal Revenue Serv.*, 2007 WL 1252475 (10th Cir. May 1, 2007)(unpublished). Injunctions restricting further filings are appropriate where (1) the Court sets forth the litigants' lengthy and abusive history; (2) the Court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. *See Tripati*, 878 F.2d at 353-54. As the Tenth Circuit stated in *Andrews*, 483 F.3d at 1077, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."

This Court has reviewed Kenney's filing history in the Northern District of Oklahoma and finds that his numerous frivolous filings, often *in forma pauperis*, have created an abusive practice. Based on Kenney's previously stated filing history in the Northern District, Kenney is hereby enjoined from filing any further complaints in the United States District Court for the Northern District of Oklahoma without first obtaining permission from the Chief Judge.

Kenney is limited to filing new cases with this Court as follows:

1. With respect to any pro se pleading, Kenney is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the "Proposed Pleading," attached as an exhibit. The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph one (2), below.

2. The Application and Affidavit must contain Kenney's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes: (a) the legal basis for the Proposed Pleading; (b) the specific factual basis for the Proposed Pleading; (c) a statement

  that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of res judicata or collateral estoppel; (d) the identity and nature of assistance by any third person in preparing the Proposed Pleading; (e) a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, and (iv) not made to avoid any order of any court; (f) a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading; and (g) the Proposed Pleading which Kenney is requesting that the Court file (attached as an Exhibit to the Application and Affidavit). The Application and Affidavit for Filing shall be scanned and numbered by the Clerk of the Court. However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

3. The Application and Affidavit, or any documents or pleadings submitted by Kenney to the Clerk of the Court, shall be referred to a United States Magistrate Judge to determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one. The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge. Kenney is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation. The Court Clerk shall file of record any such Objection to the Report and Recommendation in the miscellaneous case established pursuant to this General Order.

4. The Chief Judge or the Judge designated to review the Report and Recommendation shall

review the Objection filed by Kenney, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Kenney shall be filed. Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document, except for the Objection to the Report and Recommendation, shall not be filed. If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall also indicate if the pleading or document should be filed in miscellaneous case established pursuant to this General Order, or if a new case number should be opened for the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall, if the pleading or document is accepted for filing, outline any filing restrictions that will remain with respect to future pleadings or documents submitted by Kenney.

Kenney shall have ten (10) days from the date of this Order to file a written objection, limited to fifteen pages, to this imposition of filing restrictions. *See Winslow*, 17 F.3d at 316. If no objections are filed, then the filing restriction shall take effect twenty (20) days from the date of this Order. If Kenney does file an objection, then the filing restriction will not take effect until the Court rules upon the objection.

**IT IS FURTHER ORDERED** that the Court hereby sua sponte **dismisses** plaintiffs' claims against all defendants. This action is hereby **terminated**.

**IT IS FURTHER ORDERED** that the Court hereby places filing restrictions on plaintiff. Kenney is required to follow the procedure outlined above. The Court will enter a General Order signed by all of the district judges and available to the public reiterating these procedures. Plaintiff shall have ten (10) days from the date of this Order to file an objection, limited to fifteen pages, to the Court's imposition of this filing restriction.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to provide copies of this order to all District Judges.

_____
JAMES H. PAYNE, JUDGE
UNITED STATES DISTRICT COURT

**ATTACHMENT:**

Summary of Anthony Kenney's Filing History:

06-cv-132-JHP-FHM Anthony C Kenney v. NKC of America
    IFP Granted
    Dismissed - Frivolous
06-cv-143-JHP-FHM Anthony C Kenney v. Gill et al
    IFP Granted
    Dismissed - Frivolous
06-cv-144-JHP-saj Anthony C Kenney v. Harmon et al
    IFP Granted
    Dismissed - Frivolous
06-cv-159-JHP-FHM Anthony C Kenney v. Egan et al
    IFP Granted
    Dismissed - Frivolous
06-cv-585-GKF-FHM Anthony C Kenney v. Trinity Industries, Inc. et al
    IFP Granted
    Dismissed - Failure to state a claim
06-cv-586-GKF-FHM Anthony C Kenney v. Valmont Industries, Inc. et al
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
06-cv-611-TCK-PJC Anthony Kenney v. Debit Card Support Services Vipcard Inc
    IFP Granted
    Dismissed - Failure to prosecute
06-cv-612-GKF-PJC Anthony Kenney v. PCIDC Student Loan Inc
    IFP Granted
    Dismissed - lack of subject matter jurisdiction, motions deemed confessed (failure/respond)
07-cv-104-GKF-PJC Anthony Kenney v. Professional Welding et al
    IFP Granted
    Dismissed - failure to state claim
07-cv-105-TCK-FHM Anthony Kenney vs. Stand by Personnel et al
    IFP Granted
    Dismissed - Failure to prosecute, failure/respond to motions
07-cv-350-GKF-saj Anthony C Kenney v. Gas Tech Engineering Corp Human Resource
    IFP denied - wrong form
    Dismissed - for Failure to submit proper IFP
07-cv-351-TCK-PJC Anthony C Kenney v. NICS Appeal Dividsion FBI Information Svcs Clarksburg
    IFP Granted
    Dismissed - Failure to prosecute
07-cv-637-TCK-PJC Anthony Kenney v. Alorica Inc
    IFP Denied
    Dismissed - Failure to cure IFP deficiency
07-cv-701-TCK-FHM Anthony Kenney v. SRC Aetna Company
    IFP Denied
    Dismissed - Failure to cure IFP deficiency

08-cv-045-CVE-PJC Anthony Kenney v. Board of Review Oklahoma Security Commission
    IFP Denied
    Dismissed - lack of subject matter jurisdiction
09-cv-478-CVE-FHM Anthony C Kenney v. Facilities Performance Group et al
    IFP Moot
    Dismissed - Failure to state claim
09-cv-745-GKF-TLW Anthony Kenney v. Board of Review Oklahoma Employment Sec Com
    IFP denied
    Dismissed - lack of subject matter jurisdiction
09-cv-746-JHP-PJC Anthony Kenney v. Central States Indemnity Co of Omaha
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
10-cv-088-CVE-TLW Anthony Kenney v. Rose Rock Apts
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
10-cv-137-JHP-PJC Anthony Kenney v. Oklahoma Comptroller
    IFP Pending
10-cv-173-CVE-FHM Anthony Kenney v Faulkner County Circuit Court
    IFP Granted
    Dismissed - Failure to state a claim, lack of subject matter jurisdiction
10-cv-186-JHP-TLW Anthony Kenney v. Swift Inc Sterling Bank & Chairman Doluney Bridwarter
    IFP Pending
10-cv-193-TCK-FHM Anthony Kenney v. Labor Ready
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-194-CVE-PJC Anthony Kenney v. Labor Finders Inc
    IFP Granted
    Dismissed - failure to state comprehensible claim
10-cv-486-JHP-FHM Anthony Kenney v. Pettigrew
    IFP Pending
10-cv-487-CVE-PJC Anthony Kenney v. Travelers Indemnity Insurance Co et al
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
    Appeal filed (IFP on appeal granted)
10-cv-515-TCK-FHM Anthony Kenney v. Swift Trans Inc et al
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-516-TCK-FHM Anthony Kenney v. Meacham
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-562-JHP-TLW Anthony Kenney vs. ABM Janitorial Services, et al.
    IFP Pending
10-cv-563-TCK-TLW Kenney vs. Cavalry Portfolio Services, et al.
    IFP Pending